UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JULIO PEREZ,                                                                        Civil Action No.:

      Plaintiff,

 -against-

B & D SNACKS INC. and WILLIAM
DELQUAGLIO,

      Defendants.
------------------------------------------------------------X

## COMPLAINT

Plaintiff, Julio Perez ("Plaintiff"), as and for his Complaint against Defendants, B & D Snacks Inc. ("B & D"), and William Delquaglio ("Delquaglio") (collectively, "Defendants"), respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and the New York Codes, Rules, and Regulations, Part 142 ("Regulations"), to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

1

## PARTIES

5. Plaintiff is an adult male who resides in Staten Island, New York.

6. Upon information and belief, Defendant B & D is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, Defendant B & D owns and operates a snack distribution business with addresses located at 242 Rugby Road, Brooklyn, New York and 24 Rustic Way, Freehold, New Jersey.

8. Defendant B & D maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

9. Upon information and belief, Defendant B & D is owned, operated, and controlled by Defendant Delquaglio.

10. Upon information and belief, Defendant Delquaglio is a resident of the State of New Jersey.

11. Upon information and belief, at all relevant times, Defendant Delquaglio is a shareholder, owner, officer, director, and/or managing agent of Defendant B & D.

12. Upon information and belief, at all relevant times, Defendant B & D was owned, operated, and/or controlled by Defendant Delquaglio.

13. Upon information and belief, at all relevant times, Defendant Delquaglio exercised operational control over Defendant B & D, controlled significant business functions of Defendant B & D, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant B & D in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

14. Upon information and belief, at all relevant times, Defendant Delquaglio participated in running the daily operations of Defendant B & D and its snack distribution business.

15. Upon information and belief, at all relevant times, Defendant Delquaglio participated in the management and supervision of the employees employed by Defendant B & D.

16. Defendants had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

17. Defendants maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to him.

18. Defendants are covered employers within the meaning of the FLSA and the NYLL.

## **FACTS**

19. The snack distribution business identified herein operates for the purpose of distributing peanuts, nuts, chocolate and other snacks to delis and supermarkets throughout the five boroughs of New York City.

20. At all times relevant to this action, Plaintiff was employed for the benefit of and at the direction of Defendants at their snack distribution business.

21. Plaintiff was employed by Defendants from on or about 2000 to June 2021.

22. Plaintiff's duties were to take orders, order merchandise, go out on deliveries, and do some cleaning.

23. Throughout the last 6 years of his employment, Plaintiff worked five days a week, Monday through Friday, and two Saturdays a month.

24. During this time, Plaintiff worked from 4:00 a.m. to 4:00 p.m., Monday through Friday and 6:00 a.m. to 2:00 p.m. on Saturdays.

25. During this time, Plaintiff was not given and did not take any meal breaks of greater than fifteen minutes.

26. During this time, Plaintiff worked at least 60 hours a week and worked 68 hours twice a month.

27. During this time, Defendants paid Plaintiff a set weekly salary.

28. From 2016 to 2020, Defendants paid Plaintiff $500.00 a week.

29. From 2020 to the end of his employment, Defendants paid Plaintiff $550.00 a week.

30. During the last 6 years of his employment, Defendants paid Plaintiff less than the New York statutory minimum wage rate for each hour that he worked.

31. During this time, Plaintiff regularly worked shifts in excess of ten (10) hours.

32. During this time, Defendants never paid Plaintiff spread of hours pay.

33. During the last 6 years of his employment, Defendants never paid Plaintiff overtime compensation for any hours that he worked in excess of forty (40) hours each week.

34. During this time, Defendants never paid Plaintiff at a rate of one and one-half times his regular rate of pay for any hours that he worked in excess of forty (40) hours each week.

35. During this time, Defendants never provided Plaintiff with complete and accurate earnings statements along with his weekly earnings, as required by NYLL § 195(3).

36. Upon information and belief, Defendant Delquaglio participated in the decision to hire Plaintiff.

37. Upon information and belief, Defendant Delquaglio participated in deciding the manner in which Plaintiff was paid.

38. Upon information and belief, Defendant Delquaglio participated in setting Plaintiff's work schedule.

39. Upon information and belief, Defendant Delquaglio participated in deciding the hours that Plaintiff worked each week.

40. Upon information and belief, Defendant Delquaglio participated in deciding the job duties that Plaintiff performed on a daily basis.

41. Upon information and belief, Defendant Delquaglio participated in the daily supervision of Plaintiff's duties.

42. Upon information and belief, Defendant Delquaglio participated in running the day-to-day operations of Defendant B & D.

43. Defendants managed Plaintiff's employment, including the amount of overtime worked.

44. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies during Plaintiff's employment.

45. Upon information and belief, Defendants were aware of Plaintiff's work hours but failed to pay him the full amount of overtime compensation to which he was and is entitled for this work time under the law.

46. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ*.**
**FAILURE TO COMPENSATE FOR OVERTIME**

47. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

48. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

49. Defendants were and are subject to the overtime pay requirements of the FLSA because the Corporate Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

50. At all times relevant to this Complaint, the Corporate Defendant had, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who handled goods, materials, and items that originated outside of the State of New York.

51. Upon information and belief, the gross annual volume of sales made or business done by the Corporate Defendant for 2019, 2020, and 2021 was not less than $500,000.00.

52. At all times relevant to this action, Plaintiff has been entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

53. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

54. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

55. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

56. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

57. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

58. Defendants have not acted in good faith with respect to the conduct alleged herein.

59. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLE 6 AND 19
## FAILURE TO COMPENSATE FOR OVERTIME

60. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

61. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

62. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 142-2.2.

63. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

64. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty (40) hours a week.

65. Plaintiff is not exempt from the overtime provisions of the New York Labor Law,

7

because she did not meet the requirements for any of the reduced number of exemptions available under New York law.

66. Defendants have acted willfully and have either known that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law. Defendants have not acted in good faith with respect to the conduct alleged herein.

67. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT III
## VIOLATION OF THE NEW YORK LABOR LAW
## ARTICLES 6 AND 19
## FAILURE TO PAY SPREAD OF HOURS

68. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

69. As set forth herein, during 2018 and 2019, Plaintiff's shifts were regularly spread beyond ten (10) hours per day during her period of employment with Defendants.

70. Defendants never paid spread of hours pay to Plaintiff as required under Part 142, section 142-2.4 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

71. Such failure constitutes outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

72. As a result of Defendants' violation of the NYLL and the regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial, in addition to

liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT IV
## VIOLATION OF THE NEW YORK LABOR LAW
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

73. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

74. Defendants have willfully failed to provide Plaintiff with complete and accurate written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

75. Through their knowing and intentional failure to provide Plaintiff with complete and accurate written wage statements, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting Regulations.

76. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## COUNT V
## VIOLATION OF THE NEW YORK LABOR LAW
## FAILURE TO COMPENSATE FOR MINIMUM WAGES

77. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

78. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§ 2 and 651.

79. Under New York law, an employee must be paid the statutory minimum wage rate for each hour worked. 12 N.Y.C.R.R. §§ 142-2.1.

80. During the last 6 years of his employment, Defendants failed to pay Plaintiff the statutory minimum wage rate as required by the NYLL and its attendant Regulations.

81. Plaintiff was not exempt from the minimum wage provisions of the NYLL, because he did not meet the requirements for any of the exemptions available under New York law.

82. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

83. Defendants willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically New York Labor Law § 652.

84. Defendants have acted willfully and either knew that their conduct violated the NYLL or have shown a reckless disregard for the matter of whether their conduct violated the NYLL.

85. Defendants have not acted in good faith with respect to the conduct alleged herein.

86. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that Defendants committed one or more of the following acts:

1. Willfully violated provisions of the FLSA by failing to pay overtime compensation to Plaintiff;

    2. Willfully violated the provisions of the NYLL by failing to pay overtime, minimum wages and spread of hours compensation to Plaintiff;

    3. Willfully violated the applicable provisions of the NYLL;

    4. Violated the provisions of the NYLL by failing to provide Plaintiff with wage statements;

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award liquidated damages under the NYLL, or alternatively the FLSA;

D. Award interest on all NYLL overtime compensation due accruing from the date such amounts were due;

E. Award all statutory damages under the NYLL;

F. Award attorneys' fees and costs incurred in prosecuting this action; and

G. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
April 29, 2022

                                                                              Justin M. Reilly, Esq.
                                                                              Neil H. Greenberg & Associates, P.C.
                                                                              *Attorneys for the Plaintiff*
                                                                              4242 Merrick Road
                                                                              Massapequa, New York 11758
                                                                              Tel: 516.228.5100
                                                                              nhglaw@nhglaw.com
                                                                              justin@nhglaw.com